IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**MICHAEL DOUGLAS FRAZIER**                                                **PLAINTIFF**
**#151108**

V.                              NO. 3:22-cv-37-DPM-ERE

**TAMMY GLENN,** *et al.*                                                   **DEFENDANTS**

## ORDER

Pending before the Court is Plaintiff Michael Douglas Frazier's motion for discovery. *Doc. 96*. In his motion, Mr. Frazier complains that unidentified officials have not provided him "all grievances and medical requests, along with my lab results that the SSP program has on me from November 1st of 2020 to December 20th of same year." *Id. at 1*. He states that he is "writing to motion the Court to obtain all the documents, grievances, sick-calls, [and] lab reports." *Id. at 2*. Mr. Frazier complains that he has only received copies of three relevant grievances.

Mr. Frazier's motion is denied without prejudice to refiling. As the Court previously explained to Mr. Frazier, he must first mail his discovery requests to Defendants' counsel.[1] *Doc. 3 at 2*. He should *not* file discovery requests with the

---

[1] Counsel for Defendants Tammy Glenn and Hannah O'Neal is Alexandra Garbrielle Ah Loy. Counsel for Defendant Brent Cox is Michael Allen Mosley. The Court previously dismissed Mr. Frazier's claims against Defendant Bland. *Doc. 66*.

Court in the first instance.[2] If Defendants' counsel refuses to provide any relevant evidence, Mr. Frazier may then file a motion to compel with the Court. However, *before* filing a motion to compel and involving the Court, Mr. Frazier should first attempt to resolve any discovery disputes with Defendants' counsel.[3]

IT IS THEREFORE ORDERED THAT:

1. Mr. Frazier's motion for discovery (*Doc. 96*) is DENIED.

2. The Clerk is instructed to provide Mr. Frazier a copy of the docket sheet for this lawsuit, along with a copy of this Order.

So Ordered 29 August 2023.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] See FED. R. CIV. P. 5(d)(1) (stating that discovery requests and responses should not be filed until they are used in the proceeding or the court orders filing). Normally, discovery requests are not filed with the Court unless and until a party files a motion to compel discovery, in which case it is appropriate to attach the disputed written discovery to the motion as an exhibit.

[3] See Local Rule 7.2(g) ("All motions to compel discovery . . . shall contain a statement by the moving party that the parties have conferred in good faith on the specific issue or issues in dispute and that they are not able to resolve their disagreements without the intervention of the Court.").