IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**MICHAEL DOUGLAS FRAZIER**                                                           **PLAINTIFF**
**#151108**

V.                          NO. 3:22-cv-37-DPM-ERE

**TAMMY GLENN**, *et al.*                                                                **DEFENDANTS**

## ORDER

Pending before the Court are two motions filed by pro se Plaintiff Derrick Frazier: (1) a motion for appointment of counsel; and (2) a motion to compel. *Docs. 102, 103*.

1.      **Motion for Appointment of Counsel**

For reasons previously stated (*Docs. 25, 42*), Mr. Frazier's motion for appointment of counsel is denied, without prejudice.

2.      **Motion to Compel**

In his motion to compel, Mr. Frazier requests that the Court order: (1) Dr. Manuel R. Kelley to provide him copies of his lab results from January through February 2021; (2) the Jason Owens Law Firm to provide him copies of any of Mr. Frazier's medical records that they have received; (3) Kynda Almefty and Brent Eubanks to provide him copies of any of Mr. Frazier's sick-call requests, lab results, and grievance papers that they have received; and (4) ADC employees to provide him copies of his lab results from 2019 to present. Mr. Frazier explains that he has

provided these individuals either affidavits or letters requesting these documents. However, he has not formerly requested his lab results from Dr. Kelley by issuing him a Court ordered subpoena; nor has he served defense counsel with specific discovery requests, including interrogatories and requests for production. In addition, ADC policy prevents ADC officials from providing inmates copies of their medical records. Rather, inmates may only seek access to review those records.

Accordingly, if Mr. Frazier seeks specific medical records from Dr. Kelley, he should file a motion for subpoena specifically identifying the medical records he seeks. For any other relevant documents (other than medical records) in Defendants' control or possession that Mr. Frazier seeks, he should serve defense counsel with specific requests for production of those documents.[1] Mr. Frazier is advised to consult the Federal Rules of Civil Procedure governing discovery for guidance.[2] Finally, if Mr. Frazier has problems getting ADC officials to allow him to review (not copy) his medical records, he should promptly notify the Court.

IT IS THEREFORE ORDERED THAT:

1. Mr. Frazier's motion for appointment of counsel (*Doc. 102*) is DENIED, without prejudice.

---

[1] Because Estell Bland is no longer a party Defendant, Brent Eubanks no longer represents any parties remaining in this lawsuit. See *Doc. 66*.

[2] Mr. Frazier should be able to locate the Federal Rules of Civil Procedure on the internet.

2. Mr. Frazier's motion to compel (*Doc. 103*) is DENIED.

Dated 11 October 2023.

_____
UNITED STATES MAGISTRATE JUDGE