IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

MICHAEL DOUGLAS FRAZIER                                    PLAINTIFF
ADC #151108

v.                          No. 3:22-cv-37-DPM-ERE

TAMMY GLENN, Nurse Practitioner,
Greene County Detention Center;
BRENT COX, Chief of Detention,
Greene County Detention Center;
HANNAH O'NEAL, Medical Employee,
Greene County Detention Center;  and
ESTELLE BLAND, Sanction Program
Supervisor/Admin, Medical Department                        DEFENDANTS

ORDER

On *de novo* review, the Court adopts Magistrate Judge Ervin's partial recommendation, *Doc. 152*, and overrules Frazier's objections, *Doc. 160*. Fed. R. Civ. P. 72(b). Frazier was in the custody of the Arkansas Division of Community Corrections in November 2020 when Bland allegedly violated his constitutional rights. *Doc. 2 at 5*; *Doc. 27 at 1*. He filed several grievances about not getting his HIV medication. Magistrate Judge Ervin concluded, correctly on the record presented, that Frazier failed to exhaust any of those grievances by appealing them. He was later released. *Doc. 2 at 6*. But he was arrested again in early 2021. And he was in custody when he filed this lawsuit

about not getting his medicine. *Doc. 2 at 3 & 7*. Does the Prison Litigation Reform Act's exhaustion requirement apply to Frazier's claim against Bland?

Yes, for several reasons. First, Frazier could have exhausted his administrative remedies while he was in custody. He did not. Second, the "sued when released" precedents he relies on do not apply. *E.g.*, *Doe By & Through Doe v. Washington County*, 150 F.3d 920, 924 (8th Cir. 1998). Frazier was in custody when he sued. *Napier v. Laurel County*, 636 F.3d 218, 221-22 (6th Cir. 2011). More importantly, ADCC's administrative remedies were available to him. 42 U.S.C. § 1997e(a). His release didn't render those remedies unavailable in his circumstances.

Bland's motion for summary judgment, *Doc. 36*, is granted. Frazier's claims against Bland are dismissed without prejudice for failure to exhaust. The Court directs the Clerk to terminate Bland as a defendant in this case.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

29 April 2024